UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, THE,<br><br>    Plaintiff,<br><br>    v.<br><br>ARIEL MENDONES,<br><br>    Defendant. | Case No. 26-xr-90193-NW-1<br><br>**ORDER REMANDING THIS ACTION TO ALAMEDA SUPERIOR COURT**<br><br>Re: ECF No. 1 |

On February 10, 2026, Defendants Ariel Mendones and Maridol Mendones ("the Mendones") filed a document titled "Notice of Removal From California State Court to California Federal Court" with the Clerk of the Court for the U.S. District Court for the Northern District of California. Within that document, the Mendones make reference to a criminal case purportedly filed against them in the Superior Court for the County of Alameda ("Alameda Superior Court"). For the reasons stated below, the case is summarily remanded pursuant to 28 U.S.C. § 1455.

The instant action—to the extent one exists—arises out of a civil suit initiated by the Mendones in Alameda Superior Court in March of 2023.[1]  The Mendones moved for summary judgment in that action in March of 2025.  While reviewing the motion, the Alameda Superior Court came to suspect that several of the attached exhibits had been altered or created by generative artificial intelligence ("GenAI").  After additional proceedings, the court issued "an order to show caused why terminating sanctions should not issue against [the Mendones] for intentionally submitting false testimony to the [c]ourt" and why the Mendones should "not [be]

---

[1] Unless otherwise noted, all information provided in this Order is taken from the notice of removal and exhibits at ECF No. 1.  Pinpoint citations are to the ECF-generated page numbers at the top of that document.

referred to the Alameda County District Attorney's Office for criminal prosecution." ECF No. 1 at 12.  After a hearing on the matter, the court found that the Mendones had "violated section 128.7(b) of the Code of Civil Procedure by submitting fabricated evidence in support of their motion for summary judgment" but ultimately declined to refer the Mondones to the district attorney for prosecution, in part because the judge concluded she lacked "the expertise and experience to balance all relevant considerations to determine whether a matter should be referred . . . for a criminal investigation." *Id.* at 28.  Instead, the court issued terminating sanctions and closed the case. *Id.* at 29.

Notwithstanding the court's order (and perhaps due to other intervening events to which this Court is not privy), on November 24, 2025, an agent at the California Department of Justice sought and received a search warrant for records associated with the Mendones' personal Google and Yahoo accounts.  The search warrant indicated that the records were to be "reviewed for evidence related to the crime(s) of: . . . Conspiracy, Presenting forged evidence in legal trials or proceedings, Swearing false statements in affidavits to mislead legal proceedings, [and] Using another's personal information for unlawful purposes." *Id.* at 10.

On January 13, 2026, Yahoo's legal department notified the Mendones' of the search warrant. *Id.* at 38.  The following week Mendones delivered a "motion to quash and to suppress evidence in regard to issued search warrant" to the Alameda Superior Court. *Id.* at 31.  Though the motion presumed an underlying criminal proceeding, the motion itself did not have a case number, only referencing the number associated with the search warrant (2025_9275).  The Mendones later learned from the "Alameda Superior Court, criminal division that the issued search warrant was in connection to" the terminated case.  Motion for Hearing, ECF No. 2 at 10.

The Mendones then filed this action on February 10, 2026.  In their papers, the Mendones have captioned this case *United States of America v. Mendones*, but they have provided no information to show that any such case exists in Alameda Superior Court or federal court.  Indeed, any underlying criminal action brought in state court would be captioned *People of California v. Mendones*.  Therein lies the problem: as best the Court can decipher, this action is an attempt to remove an action that appears to not exist.  While the Mendones have demonstrated the issuance

2

1  of an Alameda Superior Court warrant for their Google and Yahoo accounts, they have not
2  demonstrated the existence of an underlying criminal proceeding. While some search warrants are
3  connected to ongoing criminal proceedings, some search warrants are not. *See Dunn v. Mun. Ct.,*
4  *Eureka Jud. Dist.*, 220 Cal. App. 2d 858, 875 (1963) ("[A] search warrant may be issued even
5  though a complaint has not been filed charging any person with a crime.") Regardless, the
6  Mendones cannot remove a nonexistant case, nor can the Court review it.

7  But even if the Court were to assume the existence of an underlying criminal action, the
8  Mendones cannot remove such a case to federal court. A defendant may remove a state court
9  criminal case only under limited circumstances set forth in 28 U.S.C. §§ 1442 ("Federal officers or
10 agencies prosecuted"), 1442a ("Members of armed forces sued or prosecuted"), and 1443 ("Civil
11 rights cases"). *See People v. Laine*, No. 25-CV-03021-SI, 2025 WL 1403996, at *1 (N.D. Cal.
12 Apr. 8, 2025). The Mendones have not cited any of these statutes in support of their notice of
13 removal, and there is no indication from the filings that they could meet the standards set forth
14 within those statutes. *W. Columbia Dist. v. Washington*, No. C23-5894 BHS, 2023 WL 6541307,
15 at *3 (W.D. Wash. Oct. 6, 2023). The Mendones cite only to three statutes—§§ 1441, 1332, and
16 1455—and none provide a basis for removal: the explicit language of §§ 1441 and 1332 limits
17 their applicability to civil cases only, and § 1455 is procedural—it explains *how* a defendant
18 properly removes a criminal proceeding to federal court, but it does not explain *which* criminal
19 proceedings may be removed. As noted, those criteria are set forth in §§ 1442, 1442a, and 1443.

20 "If it clearly appears on the face of the notice and any exhibits annexed thereto that
21 removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C.
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

§ 1455(b)(4). The Court finds summary remand proper, and the Clerk of the Court is directed to remand the underlying papers to Alameda Superior Court.

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____
Noël Wise
United States District Judge